J-S39038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY J. GRANT, | : | |
| | : | |
| Appellant | : | No. 1584 MDA 2015 |

Appeal from the Judgment of Sentence August 14, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002662-2014

BEFORE:    STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JUNE 29, 2016**

Gregory J. Grant (Appellant) appeals from the judgment of sentence entered August 14, 2015 after he was found guilty of two counts of driving under the influence of alcohol or a controlled substance (DUI).  We affirm.

On May 18, 2014 at approximately 2:15 a.m Officer Charles Rauschkolb (Officer Rauschkolb) was dispatched to the area of the McDonald's restaurant in Shavertown, following a 911 call that reported a vehicle driving erratically.  N.T., 4/16/2015, at 4-5.  The 911 caller described the vehicle as a white Dodge Durango, and provided the dispatcher with "the registration of the vehicle."[1]  *Id.* at 4.  As Officer Rauschkolb approached the McDonald's he saw a white Dodge Durango in

---

[1] Presumably, Officer Rauschkolb was referring to the license plate number.

*Retired Senior Judge assigned to the Superior Court.

the drive-thru. *Id.* at 6. Upon locating the vehicle, Officer Rauschkolb "went up the road and parked in a parking lot[,] … activated [his] camera in the car and [] waited a few moments." *Id*. He then observed the following:

> [Appellant] pulls out of McDonald's. As [Appellant] pulled out, he made a very wide sweeping turn and pulled into the center turn lane travelling south on the highway. The vehicle remained in that lane for probably, I would say, 200 feet, then pulled back into the southbound lane of travel. I then proceeded out after the vehicle with the camera still activated. I pulled behind the vehicle, and at that time I did see the vehicle drift or travel into – or over the slashed dotted line for both southbound lanes of travel. A vehicle did come up on me at one point in time, was about to pass [Appellant], and he hit the [brakes]. It appeared at that time the [Appellant] was going to drift over into his lane. After seeing [Appellant] drift over into the southbound passing lane, [] I think it was four or five times and along with the fact of him driving southbound in the center turn lane of State Route 309, I activated my visual signals and stopped [Appellant].

*Id.* at 6-7.

Once Officer Rauschkolb encountered Appellant he noticed "a strong odor of intoxicating beverage on his breath along with glassy and bloodshot eyes." *Id.* at 7. Officer Rauschkolb also observed an open can of beer in the vehicle. *Id.* Officer Rauschkolb, who is certified in sobriety testing, administered two field sobriety tests, both of which Appellant failed. *Id.* at 8. While conducting one of the tests, Appellant stumbled, and Officer Rauschkolb "considered [Appellant] a possible threat to himself for injury." *Id.* At that point, Officer Rauschkolb informed Appellant he was under arrest for DUI.

Appellant was subsequently charged with DUI, general impairment, incapable of driving safely, 2nd offense and DUI, highest rate of alcohol, 2nd offense.

On January 7, 2015, Appellant filed a motion to suppress evidence seized as a result of the traffic stop, arguing the stop was illegal. On April 16, 2015, a suppression hearing was held. On May 4, 2015, the trial court entered an order denying Appellant's motion to suppress and scheduled trial.[2]

On June 16th, 2015, Appellant waived his right to a jury trial, and the parties agreed to the entry of the April 16, 2015 suppression hearing transcript, which was being "introduced for purposes of trial testimony in lieu of calling a live witness." N.T., 6/16/2015, at 4.[3] Both the Commonwealth and Appellant rested upon the entry of the suppression hearing transcript, the stipulation regarding the breath test results, and the findings of fact and conclusions of law entered by the trial court.

Based upon the foregoing, the trial court found Appellant guilty on both counts. On August 14, 2015, Appellant was sentenced to the intermediate punishment program, which utilizes house arrest with

---

[2] Following the denial of Appellant's motion to suppress but prior to trial, Appellant moved the trial court to file its findings of facts and conclusions of law. Following a hearing, the trial court provided its findings of facts and conclusions of law on the record and set a new trial date.

[3] Officer Rauschkolb was the only witness to testify at the April 16, 2015 suppression hearing.

electronic monitoring. Appellant was also ordered to pay a fine of $1,500.00, plus costs.

Appellant presents one issue for this Court's review: "Whether the trial court erred in denying [Appellant's] motion to suppress[,] finding that the traffic stop of [Appellant's] vehicle and subsequent arrest were not illegal under the U.S. and Pa. Constitutions?"  Appellant's Brief at 3.

We consider Appellant's issue mindful of the following.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

**Commonwealth  v. Prisk**, 13 A.3d 526, 530 (Pa. Super. 2011) (quoting

**Commonwealth v. Williams**, 941 A.2d 14, 26–27 (Pa. Super. 2008) (*en banc*)).

Appellant argues the record does not support the trial court's finding that Officer Rauschkolb initiated the traffic stop based upon probable cause for careless driving.  Appellant's Brief at 8.  Specifically, Appellant contends that the evidence presented does not show that he drove his vehicle in a careless manner or that Appellant's driving posed a "high probability that a

motor vehicle accident would occur which is a necessary element of the traffic offense of careless driving."[4] *Id.* at 9.

We begin by setting forth the relevant principles of law regarding traffic stops. The authority of a police officer to stop a vehicle is governed by 75 Pa.C.S. § 6308(b), and provides the following:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b). In **Commonwealth v. Feczko**, 10 A.3d 1285 (Pa. Super. 2010) (*en banc*), this Court explained that, based upon our Supreme Court's interpretation of the language of subsection 6308(b), a traffic stop based upon reasonable suspicion must serve an investigatory purpose. Otherwise, probable cause is necessary to initiate the stop.

> [W]hen considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable

---

[4] Appellant also argues that the trial court erred in holding that Officer Rauschkolb had reasonable suspicion to stop Appellant's vehicle for DUI because the officer "never expressed an intention that he stopped [Appellant's] vehicle for a DUI or other investigative purposes." *Id.* at 12. Because we agree with the trial court that Officer Rauschkolb had probable cause to stop Appellant for careless driving, we need not determine whether reasonable suspicion for DUI was articulated. **Commonwealth v. Brown**, 64 A.3d 1101, 1106 n.5 (Pa. Super. 2013).

cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop.

***Commonwealth v. Salter***, 121 A.3d 987, 992-93 (Pa. Super. 2015).

The statute governing careless driving provides the following: "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714(a). Because an investigation following the traffic stop would have provided Officer Rauschkolb with no additional information as to whether Appellant was guilty of careless driving, probable cause was necessary to initiate the stop.

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

***Commonwealth v. Thompson***, 985 A.2d 928, 931 (Pa. 2009) (internal quotation marks and citations omitted).[5]

---

[5] Because courts apply an objective standard in determining whether probable cause existed, it is of no importance that Officer Rauschkolb articulated the wrong standard (reasonable suspicion rather than probable cause). As correctly noted by the Commonwealth: "Officer Rauschkolb's incorrect articulation of standard is not relevant since the facts he presented were sufficient for probable cause." Commonwealth's Brief at 8-9.

Here, Officer Rauschkolb testified that he initiated a stop of Appellant's vehicle after he observed several episodes of Appellant driving erratically. He saw Appellant make a wide sweeping turn onto State Route 309 and proceed to drive south for 200 feet in the turning lane before returning to the southbound travelling lane. Appellant also drifted over the dotted line separating the two southbound lanes of travel approximately four or five times. Further, Officer Rauschkolb witnessed another vehicle brake suddenly because it appeared as if Appellant was going to enter that driver's lane.

The trial court found Officer Rauschkolb's testimony credible and concluded that the officer possessed probable cause to stop Appellant for careless driving. Trial Court Opinion, 10/16/2015, at 3. We find no error in the trial court's ruling. *See, e.g., Commonwealth v. Wilson*, 111 A.3d 747, 754-55 (Pa. Super. 2015) (holding officer had probable cause to stop vehicle for careless driving where he "observed it completely stopped in the middle of the road, and then, when the officer approached, the vehicle began to move but swerved multiple times across the yellow lines and fog line").

Therefore, Appellant's suppression motion was properly denied and he is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016